## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE BORGESI,

      Plaintiff,

      vs.                                 Civil Action No.:

EDMC, EDUCATION MANAGEMENT
CORPORATION,

      Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, Joanne Borgesi, by and through her undersigned

counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to the Americans with Disabilities Act Amendment

Act, as amended, 42 USC §12010 et. seq., the Family Medical Leave Act, 29 U.S.C. §2601, Title

VII of the Civil Rights Act of 1964, retaliation, as well as the Pennsylvania Human Relations

Act. The Plaintiff, Joanne Borgesi, seeks declaratory, injunctive and compensatory relief for the

discriminatory conduct, retaliation, and termination of her position by the Defendant in this

matter.

### Parties

1.      Plaintiff, Joanne Borgesi, is an adult individual residing at 1007 Norsis Drive,

Pittsburgh, PA 15220.

2.     At all relevant times hereto, the Plaintiff was a qualified individual having a severe medical condition, requiring Plaintiff to take a leave of absence, and who nevertheless possessed the qualifications to perform the essential functions of the position she held.

3.     Plaintiff is a sixty-three (63) year old female, therefore a member of the protected class under the ADEA and Title VII of the Civil Rights Act.

4.     Defendant, EDMC, Education Management Corporation (hereinafter "EDMC"), employs approximately 16,900 full-time, part-time and adjunct faculty and staff as of October of 2016 (as noted on EDMC's website), and operates their headquarters at 210 Sixth Avenue, 33rd Floor, Pittsburgh, PA 15222.

5.     EDMC is an employer within the meaning of the FMLA, Title VII, Pennsylvania Human Relations Act, 43 Pa. C.S.A. §19, *et seq.* ("PHRA"), the Americans with Disabilities Act, and the Family and Medical Leave Act.

## Jurisdiction and Venue

6.     This Court has jurisdiction over Ms. Borgesi's Complaint pursuant to the American's with Disabilities Act Amendment Act, 42 U.S.C. §12101 *et seq.*, Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* (FMLA) and 28 U.S.C. §1331.

      A.     Also, pursuant to 28 U.S.C. 1334 (3) and (4) which gives the district courts jurisdiction over actions to secure civil rights extended by the United States government.

      B.     Also, pursuant to 28 U.S.C. §1367 giving the district court jurisdiction over state law claims.

7.     Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

8.      Paragraphs 1 through 7 above are incorporated herein by reference as though fully set forth.

9.      Plaintiff began her employment with Defendant in August of 2004 as a financial aid officer.

10.      Plaintiff had advanced her education while with EDMC, eventually securing a Bachelor's in Business Management and a Master's in Adult Education.

11.      Plaintiff then moved to instructional specialist position, which was supposed to be the last position needed to advance to a full-time facilitator position.

12.      Due to a significant amount of turmoil that occurred within EDMC, Plaintiff was required to take a position as a core specialist 1, which she initially thought would allow her to maintain her tenure and keep her ability to pursue a full-time faculty position.

13.      Once the Plaintiff was rehired the employer notified her that they made a determination that there was a conflict between the two (2) positions, and that she would not be able to pursue a full-time faculty position. This occurred approximately during 2013, and the core specialist 1 position became somewhat amorphous.

14.      Due to the significant downsizing and changes within the departments, job responsibilities were constantly changing and the Plaintiff's workload was escalating.

15.      Ultimately, in November of 2014, the Plaintiff was forced to take a leave of absence due to her medical condition. The Plaintiff was granted FMLA leave from approximately December 4, 2014 through February 25, 2015.

16.      At the expiration of that period of time, the Plaintiff's leave of absence was extended by the employer.

17.     In the beginning of the Spring of 2015, the Plaintiff began making inquiries with the Defendant regarding the possibility of working remotely from home, which other employees had at times done.

18.     The conversation occurred with Ken Wunschel, who is the employee relations manager at EDMC.

19.     The said requests were denied.

20.     The Defendant stated that they would not be able to bring the Plaintiff back to work unless she was able to perform the essential functions of her job, without defining exactly what those essential functions would be.

21.     The Plaintiff also requested the accommodation that she be allowed to perform the original core functions of the job as she had entered it and that the peripheral work that had been added be reassigned.

22.     Again, the Defendant denied said request and refused to clearly define what the essential functions of her job would be.

23.     Many, if not most of these discussions took place in April and May of 2015, both by email and verbal communication.

24.     Ultimately, on or about June 26, 2015, the Plaintiff received a letter from Ken Wunschel, explaining that they would not be allowing her to return to work to her previous position, as their interpretation of her medical records lead them to conclude that she would be unable to perform the essential functions of her job.

25.     The essential functions of this job, were not explained in said letter, nor discussed at all with the Plaintiff.

26.     EDMC put in said letter, that they were not engaging in any further discussions regarding possible accommodations, and instead referred her to a job board and instructed her to apply for any positions for which she may be qualified.

27.     Defendant Employer did not make any attempt to identify any open positions for which they felt she would be qualified.

28.     Functionally, in a similar contradictory fashion, the correspondence indicated she was not being terminated, even though she was not being returned to her job and no open alternate positions were being identified for her.

29.     The Plaintiff applied for two (2) additional positions for which she received no response indicating that she had been denied the position, or even considered.

30.     While Plaintiff has been able to secure some part-time employment since this time, she has been unable to secure any full-time employment.

31.     Plaintiff has made multiple attempts to mitigate her damages by making applications to other educational institutions.

32.     A Charge was filed with the EEOC on or about April 25, 2016 for discrimination and retaliation under the ADAAA, and sex discrimination under Title VII of the Civil Rights Act.

33.     A Notice of Right to Sue was issued by the EEOC on or about March 23, 2017. (Exhibit 1)


## COUNT I:
## FAMILY MEDICAL LEAVE ACT


34.     Paragraphs 1 through 33 above are incorporated herein by reference as though fully set forth.

35.     This matter case is brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. 2601 *et. seq.*

36.     Plaintiff took certified medical leave from approximately December 4, 2014 through February 25, 2015.

37.     At the conclusion of said medical leave, Plaintiff began making inquiry with the Defendant regarding the return to her position, albeit with certain accommodations.

38.     Defendant refused to return the Plaintiff to work in any capacity subsequent to her use of that medical leave, despite multiple attempts by the Plaintiff.

39.     Plaintiff maintains the Defendant violated FMLA by not returning her to her original position, and functionally terminating her by not allowing her to return in any fashion.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate. A jury trial is demanded.

## COUNT II:
## FMLA - RETALIATION

40.     Paragraphs 1 through 39 above are incorporated herein by reference as though fully set forth.

41.     Plaintiff was humiliated, demoted, discriminated against and ultimately terminated by the Defendant in retaliation for the request for leave pursuant to the FMLA and the assertion of her rights under the FMLA upon her return.

42.      Plaintiff believes she was retaliated against for exercising her rights under the FMLA.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate. A jury trial is demanded.

## COUNT III:

## ADAAA & PHRA

43.     Paragraphs 1 through 42 above are incorporated herein by reference as though fully set forth.

44.      As set forth above, the Plaintiff developed a severe medical condition, which required her to take a leave of absence.

45.      Upon recovering sufficiently, the Plaintiff began making inquiry with the Employer about returning to her position with certain accommodations.

46.     The Employer refused to negotiate any accommodations that would bring her back in the workforce.

47.     The only accommodation offered by the Employer was essentially extended leave of absence, which was only necessary because of their refusal to provide or negotiate accommodations that would allow the Plaintiff to return to the workforce.

48.     Plaintiff requested accommodations that included working remotely from her home, working in a part-time position and graduating into full-time position, reassignment of nonessential job functions, reassignment to open positions that she would be otherwise qualified to perform.

49.     Defendant refused all of these requested accommodations, and never at any time discussed essentially functions of the Plaintiff's job or provided a detailed explanation as to why they felt she was unable to return.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate. A jury trial is demanded.

## COUNT IV:

## TITLE VII & PHRA - SEX DISCRIMINATION

50.     Paragraphs 1 through 49 above are incorporated herein by reference as though fully set forth.

51.     Defendant failed to promote and employ Ms. Borgesis, because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act.

52.     Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

53.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate. A jury trial is demanded.

## COUNT V:

## ADAAA & PHRA - RETALIATION

54.     Paragraphs 1 through 53 above are incorporated herein by reference as though fully set forth.

55.     Plaintiff was harassed, humiliated, demoted, effectively terminated, and discriminated against by the Defendant in retaliation for the exercise of her rights under the Americans with Disabilities Act and Pennsylvania Humans Relations Act.

56.     Under the ADAAA, a retaliatory action by an employer towards an employee for exercising their statutory rights is a violation of the statute and against public policy.

57.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate. A jury trial is demanded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A)     Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the Family Medical Leave Act;

B)     Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C)     Order Defendant to make whole Joanne Borgesi, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for

lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D)      Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E)      Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F)      Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G)      Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.


**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**


                                        Respectfully submitted,


                                        __/s/ Sean A. Casey_____


                                        Sean A. Casey, Esquire
                                        Attorney for Plaintiff
                                        PA ID #79806

                                        First & Market Building
                                        100 First Avenue, Suite 1010
                                        Pittsburgh, PA 15222
                                        (412) 201-9090